UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) ORDER |

This Document Relates to:
Case No. 23-cv-3073 (*Kelso v. 3M Company et al.*)

This case is before the Court on Larry Kelso's Motion for Remand. For the reasons set forth below, the Court grants the motion.

Kelso brought this action in the District Court of Harris County, Texas, against 3M Company and several others.[1] Asserting that the United States District Court for the Southern District of Texas "has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1)," 3M removed the action from state court. *See* 28 U.S.C. §§ 1441, 1446. Kelso moved to remand the action to state court. 3M moved "to stay all proceedings in this case, including responsive pleading deadlines and any ruling on a motion to remand, pending transfer of this case to the United States District Court for the District of Minnesota as part of *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, MDL No. 2666." The Southern District of Texas granted 3M's motion to stay. The United States Judicial Panel on Multidistrict Litigation transferred the action to the District of Minnesota for inclusion in MDL No. 2666. *See id.* § 1407.

---

[1] The other defendants are CHCA Pearland L.P.; HCA Pearland GP, Inc.; HCA Healthcare, Inc.; HCA Holdings, Inc.; HCA Houston Healthcare-Medical Center Orthopedics; Rosemary Buckle, M.D.; Robert W. Power, M.D.; US Anesthesia Partners of Texas, PA; Daniel R. Backlas, M.D.; Daniel R. Backlas, M.D., PA; Paul D. Evans, M.D.; Paul Evans, M.D., PLLC; Houston Northwest Radiology Association, PA; and Radiology Partners, Inc.

1

Kelso moved to remand the action to the Harris County District Court. 3M opposed the motion.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a). A district court has original jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* § 1332(a)(1). "For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court." *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (quoting *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013)).[2] "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citation omitted); *see Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).

---

[2] "When a transferee court receives a case from the MDL Panel, the transferee court applies the law of the circuit in which it is located to issues of federal law." *In re Gen. Am. Life Ins. Co. Sales Pracs. Litig.*, 391 F.3d 907, 911 (8th Cir. 2004).

In its Notice of Removal, 3M asserted that "[t]here is complete diversity of citizenship between properly joined parties" and that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  3M alleged that Kelso is a citizen of Texas and that 3M is a citizen of Delaware and Minnesota, *see* 28 U.S.C. § 1332(c)(1).[3]  3M maintained that "[t]he Court may disregard the Provider Defendants' citizenship because they have been improperly joined."[4]  According to 3M, "[i]mproper joinder exists because [Kelso] has no real intention in good faith to prosecute his claims against the Provider Defendants."  In the alternative, 3M maintained that the Southern District of Texas "may retain jurisdiction over this matter by severing the claims" against the Provider Defendants, remanding those claims to state court, and retaining jurisdiction over Kelso's claims against 3M.

Kelso moved to remand the action to the Harris County District Court.  He asserted that "the Fifth Circuit does not recognize a separate 'real intention' test in fraudulent joinder analysis," that "the Fifth Circuit rejected *Tapscott* severances for

---

[3]  Because 3M removed the action to federal court, it bears the burden of establishing jurisdiction.  *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005).  In its Notice of Removal 3M stated that some defendants are citizens of Texas and that some defendants are citizens of states other than Texas, *cf. Jallad v. Madera*, 784 F. App'x 89, 94 (3d Cir. 2019) ("Madera is a diverse party. Therefore, even if he had been fraudulently joined, his presence would not have destroyed jurisdiction, and he should not have been dismissed pursuant to that doctrine.").  3M failed to state the citizenship of several defendants.  *See E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

[4]  3M referred to the other defendants as "the Provider Defendants."

3

'fraudulent misjoinder,'"[5] and that "the Fifth Circuit does not permit a district court to create jurisdiction with a Rule 21 severance."[6] Kelso asserted that an award of attorney's fees and costs is appropriate. See 28 U.S.C. § 1447(c).

3M opposed Kelso's motion. It argued that the law of the Eighth Circuit applies to Kelso's motion; that Kelso's claims against the Provider Defendants are distinct, should be severed from his claims against 3M, and should be remanded; and that the Court should deny Kelso's motion because he lacks a viable cause of action against the Provider Defendants. If the action is remanded, 3M asserted that no award of attorney's fees and costs should be made because it had an objectively reasonable basis for removal.

In a short reply, Kelso stated that "neither 3M[']s argument about supposed fraudulent joinder nor its argument in the alternative - that the claims against non-diverse defendants should be severed - are cognizable" under the law of the Fifth Circuit. Kelso asserted that "the law in the Eighth Circuit provides no refuge for 3M either."

*Sever Claims*

3M asserted that "[t]he Court has broad discretion to sever claims against non-diverse defendants, regardless of whether those defendants are properly joined." According to 3M, "Kelso is attempting to evade federal court by joining Provider Defendants who did not contribute to any infection Kelso claims is related to the Bair

---

[5]   *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996).

[6]   Kelso stated that his "memorandum of law in support of [his] motion for remand is largely identical to the motion he brought in the Southern District of Texas" and that "the law throughout accordingly cites to the Fifth Circuit."

4

Hugger system, but whom Kelso alleges caused a separate injury related to a misplaced screw." "Because the claims against Provider Defendants were misjoined," 3M argued, "the Court should exercise its discretion under Rule 21 [of the Federal Rules of Civil Procedure] to sever the claims against the Provider Defendants while retaining jurisdiction over Kelso's claims against 3M." The Court rejected 3M's argument in other actions that were transferred by the Judicial Panel on Multidistrict Litigation to the District of Minnesota for inclusion in MDL No. 2666. *Norton v. 3M Co.*, No. 21-cv-2752, 2022 WL 1658142, at *4 (D. Minn. May 25, 2022); *O'Haver v. Anesthesia Assocs. of Kan. City, P.C.*, No. 19-cv-920, slip op. at 12-13 (D. Minn. Feb. 19, 2020); *Tye v. St. Luke's E. Anesthesia Servs., P.C.*, No. 19-cv-2089, slip op. at 12-13 (D. Minn. Feb. 19, 2020). 3M has not demonstrated that a different conclusion is warranted here.[7]

*Fraudulent Joinder*

"Whether a plaintiff has fraudulently joined a party to defeat diversity jurisdiction is a question of subject matter jurisdiction . . . ." *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007). "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Wivell v. Wells*

---

[7] Some cases in the District of Minnesota support 3M's argument. *E.g.*, *Perfetti v. Conn. Orthopaedic Specialists, PC*, No. 23-cv-899, 2023 WL 6514996 (D. Minn. Oct. 5, 2023).

5

*Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014) (quoting *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012)).

"A party has been fraudulently joined when there exists no reasonable basis in fact and law to support a claim against it." *Hubbard*, 799 F.3d at 1227 (quoting *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 915 (8th Cir. 2014)). "[I]f there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (footnote omitted). "[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.  In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id*. at 811.  "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 n.6 (8th Cir. 1977)).  In certain circumstances, a court may "pierce the pleadings" to determine whether state law might impose liability on a nondiverse defendant. *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812-13 (5th Cir. 2021); *see GranCare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018); *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012).

6

3M argued that the Court should deny Kelso's motion because he fraudulently joined the Provider Defendants. According to 3M, the Provider Defendants are fraudulently joined because Kelso lacks a viable cause of action against them and because he has no real intention of prosecuting the action against them. 3M maintained that Kelso failed to allege a viable claim of medical negligence against the Provider Defendants and that Kelso failed to allege the Provider Defendants' alleged negligence caused his periprosthetic joint infection. In addition, 3M asserted that Kelso's claims against the Provider Defendants are time barred because he "did not act diligently in attempting to serve" them. 3M has not demonstrated that Kelso lacks a viable cause of action against the nondiverse defendants. The Court assumes without deciding that a plaintiff's lack of real intention to pursue a claim against a defendant may be a basis of fraudulent joinder. 3M has not demonstrated that Kelso lacks any real intention to pursue his claims against the nondiverse defendants.

*Attorney's Fees and Costs*

Kelso requested an award of attorney's fees and costs. *See* 28 U.S.C. § 1447(c). The Court denies his request. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Kelso's Motion for Remand [Docket No. 54] is GRANTED.

7

2. Case No. 23-cv-3073 is REMANDED to the District Court of Harris County, Texas.

3. The Clerk of Court is directed to mail a certified copy of this Order to:

Marilyn Burgess
Harris County District Clerk
201 Caroline St., Suite 420
Houston, TX 77002

Dated: January 12, 2024

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge